Burks, J.,
delivered the opinion of the court.
Intention, it is often said, is the polar star to guide in the construction of wills, and when discovered effect must be given to it unless it violates some rule of law. The difficulty lies in the discovery of that intention where the instrument is obscure and ambiguous, as in the present case.
It does not appear who wrote the will of the testator, Jesse Calvert. It was probably written by himself. In framing it, the draftsmen, whoever he was, paid very little attention to the rules of grammar. To say nothing of the errors which abound in the orthography, every other word, upon an average, I would say, commences with a capital letter; what little punctuation is attempted is generally in the wrong place, and in parts of the will there is more or less incongruity in the language employed.
Still, I think, by scrutinizing the whole instrument and carefully comparing one part with another, we may get at the meaning with sufficient certainty.
The testator was the owner of several tracts of land, as the will shows, and some personal property. The value of his estate does not appear with any distinctness. He was childless, and his wife and the Missionary Society of the Methodist Episcopal Church, incorporated by the legislature of New York, were the sole objects of his bounty. *362 Jt ^as evidently his intention to provide for both, but chiefly for his wife. Hence, at the outset, after directing payment of his debts, is this clause (some obvious grammatical errors being corrected): “3. I give to my wife, Theresa Calvert, during her natural life or widowhood, all my estate, real and personal, except as hereinafter excepted; but if she should marry again, then she is to have the same portion of my estate as if I died intestate.”
Under this clause, taken alone, it would appear to be the obvious intention to give to the wife during^ her life or widowhood the whole of the estate, save such part or parts thereof as should be excepted from the bequest by the subsequent provisions of the will. We therefore naturally look for and expect to find these exceptions in what follows. But a careful examination does not enable me to discover any such exceptions, either express or implied. The intent, in what follows, to the end, is that she is to have without exception the entire estate until the termination of her . widowhood by marriage or death. Whatever may have been "the design in the use of the language, “except as hereinafter excepted,” in the connection in which it is found, it could not have been intended thereby to except from the bequest to the wife any of the testator’s property. She was to have all during widowhood. The phrase must have been used with some other intent, and that intent, I think, as disclosed in a subsequent part of the will, was to qualify the estate given to her, as expressed by the words “during her natural life or widowhood,” so as to give her a larger interest in a portion at least of the property bequeathed to her.
He manifestly intended that she should hold a portion of the property in specie, namely, the tract of land which he called the “Home Place,” and such of the personal property, except his merchandise, as she might wish to keep. The residue of the property, real and personal, he directs to be sold, and the proceeds of the sales and of *363 the debts owing to him to be invested by his executors, and his wife to receive the interest. If there had been no other direction, it is plain that the estate intended for the wife was, as expressed in the clause of the will already referred to, an estate “ during her natural life or widowhood.” But just here comes in the provision which, think, qualifies and enlarges the estate already given, at least to the extent of the fund directed to be invested. After directing the sales to be made, the language is, “ I wish the proceeds of the sales of my real and personal estate and the debts due me, after paying my debts, to be put at interest by my executors, and my wife to receive the interest; but so long as she remains my widow, she is to be at liberty to receive from my executors or from my estate such part of it as she may chose, and to appropriate it as she believes to be just and rite.” The grammatical corrections which I have made in copying do not alter the sense.
iNow, here is a right, not only to the interest on this fund, but to the fund itself. It is not a mere naked power to appoint or to dispose of, but a right to “receive ” such part of the fund “ as she may choose,” and further “to appriate it,” when received, “ as she believes to be just and right.”
The language imports absolute dominion, and absolute dominion is one of the best descriptions of absolute property.
It was with reference to this absolute right of disposal, I think, that the expression “except as hereinafter excepted ” was used in the clause of the will first commented upon. The testator meant to declare that, although he had given in general terms to his wife his whole estate during her widowhood, which terms, unqualified, would limit her interest to the use merely of the property, yet as to the fund ordered to be raised by sales to be made soon after his death, she should not only be entitled to the in *364 teiest thereon, but also have the right to dispose of.the ..... . ° principal subject. I do not think, however, that this right disposition extends to the “ Home Place,” which she to occupy, and which was not to be sold until her widowhood was determined, either by marriage or death. ■^rom 6ie connection in which the language giving the right of disposal is used, I think this right was intended to be confined to the fund already mentioned.
I am of opinion, therefore, that Mrs. Calvert is entitled absolutely to all the estate devised and bequeathed, except the plantation called the “ Home Place,” and perhaps such of the personal property, if any remains, as she kept in specie under the will; for, with these exceptions, all the property was designed and directed to be sold soon after the testator’s death, and the proceeds, together with the debts owing to the testator, constituted the fund on which she was to receive the interest, with the right, also, to receive and appropriate the principal during her widowhood.
The limitation over to the '^Missionary Society of such part of the fund as she should not appropriate is void as well for uncertainty as on account of its inconsistency with and repugnancy to the estate already given to her. May v. Joynes & others, 20 Gratt. 692, and numerous cases there cited in argument.
As to the “ Home Place,” Mrs. Calvert is entitled to the use of that during her life or widowhood. If she never marries again, it is to be sold at her death, and the proceeds paid over to the Missionary Society of the Methodist Episcopal Church. If she marries, she will be entitled, from the date of her marriage only, to an estate in it equivalent to dower; and subject to this, the place goes to the Missionary Society, or, rather, the proceeds of sale; for it is directed to be sold either at her marriage or death, whichever event first happens. The direction for sale, in either event, is peremptory, and therefore the *365 property is equitably converted into money, which the Missionary Society, although a foreign corporation, is coinpetent to take as legatee.
The judge of the circuit court, in the decree from, does not expressly declare that the “ Home Place,” or proceeds of the sale of it, must go to the Missionary Society, but he does declare that Mrs. Calvert has an estate in it only for her life or widowhood.
It seems plain to me that there is no partial intestacy in this case, and that the testator intended that whatever of his estate his wife did not get the Missionary Society should have.
Some question is raised by the appellee as to the validity of the bequest to the Missionary Society, on the ground that the bequest is to the society in trust for the “ India mission,” and that the trust is too indefinite. I do not think this objection well founded. The real legatee is the Missionary Society of the Methodist Episcopal Church incorporated by the legislature of New York. Ho trust is created by the bequest. Among the various missions to which the funds of the society are applied is the India mission mentioned in the will, and the testator merely indicates a preference for that mission over others in the application of the property bequeathed.
In the case of Cozart & wife & others v. Manderville’s ex’or & others, lately decided by this court at Wytheville, Judge Anderson delivering the opinion, the bequest of the residuum of the testatrix’s estate to the “Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America,” incorporated by the state of New York, “to be equally divided between them,” the latter words being taken as directing one-half ■of the legacy to be applied by the corporation to domestic and the other half to forgeign missions, was not regarded as too uncertain, and was sustained.
I am of opinion that the decree of the circuit court *366 should be modified, so as to declare more explicitly the . ... A right of the Missionary Society to the proceeds of the sale of the “Home Place,” subject to the interest of Mrs. CalV6rt *n sa^ property, as hereinbefore indicated, and that the decree thus modified should be affirmed,
The decree was as follows :
This cause, which is pending in this court at its place of session at Staunton, having been fully argued but not determined at said place of session, this day came again the parties by their counsel, and upon mature consideration of the transcript of the record of the decree aforesaid and the arguments of counsel, for reasons stated in a written opinion filed with the record, it is decreed and ordered that the said decree be so far modified, and so far only as to declare that the appellant is entitled in absolute right to the tract of land called the “Home Place” in the will of the testator, Jesse Calvert, deceased, and that said appellant is entitled to the same as personalty, into which it is equitably converted under said will at the termination of the estate of the appellee, Theresa W. Calvert, therein, as indicated in said written opinion; and it is further decreed and ordered that said decree, as so modified as aforesaid, be affirmed, and that the appellees, as the parties substantially prevailing here, recover against the appellant their costs by them expended in the defence of the appeal aforesaid here; which is ordered to be certified to the said circuit court of Frederick county.
Decree modified and affirmed.