## Richmond.

BOWEN v. BOWEN.

February 5th, 1891.

1. WILLS—*Construction—Fee simple—Repugnancy—Case at bar.*—In interpreting wills, whole instrument must be considered. And where, considering the whole, it appears that legatee is given the right not only to possess and enjoy, but to sell *all* of the property bequeathed: *held,* an absolute estate is intended and limitation over of any part remaining, at her death, is void for repugnancy. *Hall* v. *Palmer, ante p.* 354.

2. CASES DISTINGUISHED—*Johns* v. *Johns* and *Miller* v. *Porterfield,* 86 Va., p. 333 and page 876, respectively, are not in conflict with case at bar. The first is distinguished by the fact that the power of disposal was not absolute in the first taker for her sole benefit, but also for the benefit of her children. The second, by the fact that the gift was not for the benefit of the first taker alone, but also of a named beneficiary.·

Appeal from decree of circuit court of Fredericksburg, rendered June 27th, 1889, in a suit to construe the will of William P. Bowen, deceased, wherein Alexander Pratt, as an heir of decedent and as his administrator, the appellant here, was a defendant, and T. A. Harris, administrator of Adelaide Bowen, deceased, was a complainant. Opinion states the case.

*Little & Little* and *T. R. B. Wright,* for the appellants.

*Marye & Fitzhugh* and *A. B. Rawlings,* for the appellees.

LACY, J., delivered the opinion of the court.

The will, so far as it is involved in this controversy, is as follows:

"After the payment of all my just debts, I give, devise, and bequeath to my wife, Adelaide Bowen, all my estate, real, personal, and mixed, for and during her life, and it is my wish and desire that my said wife may sell and convey my real estate and receive the purchase-money therefor; sell and use all my personal property, and buy and sell with the proceeds such property, for her own comfort and convenience, as she may choose, without accountability to any person whatever.: In fact, during the life of my said wife, I wish her to possess and enjoy the said property as if she enjoyed a fee-simple and absolute estate therein. If, however, at the death of my said wife any of the said property shall remain, I wish the same to be divided equally between all my nephews and nieces who may be living," &c., &c.

The wife died intestate and childless, and the controversy is between the nephews and nieces of the testator and the next of kin and heirs-at-law of the deceased wife.

The question is, What estate did the wife, Adelaide Bowen, take under this will? The circuit court, construing the said will of Wm. P. Bowen, decided that the said Adelaide Bowen, under the said will, took the absolute estate in fee-simple in said property, and that the "remainder to his nephews and nieces is repugnant and void." From this decree the appellants, who are the nephews and nieces, and those claiming under them, have appealed to this court.

The questions involved in this case are not new in this court, and, by what may be regarded as the settled rule of construction in such cases, the decree appealed from is plainly right. The whole will must be taken and considered together, and, while the words "for and during her life," standing alone, would indicate an intention to give a life estate only, the subsequent provisions—"my said wife may sell and con-

vey my real estate and receive the purchase-money therefor," and "sell and *use all my personal property*," "buy and sell with the proceeds such property, for her own comfort and convenience, as she may choose, without accountability to any person whatever"—indicate a gift of the whole property. And the words, "In fact, during the life of my said wife, I wish her to possess and enjoy the said property as if she enjoyed a *fee-simple* and *absolute estate*," fully express a gift of the absolute property. So that she not only had the right to "*sell and use all my personal property*" (there was no real estate left by the testator)—a right of absolute disposal—but she was to *possess* and *enjoy* a *fee-simple* and *absolute* estate therein. This was an absolute gift of the property. Then the added words, attempting to dispose of what had been already given, as, "if, *however*, at the death of my said wife any of the said property shall remain," the same to go to persons indicated, are inoperative and void for repugnancy. Nothing more than the whole can be given. Having given all, nothing more remained in the testator to give; and his language, "if, however," &c.; "any of the said property shall remain," indicates, and, according to some of the decisions, standing alone, would be sufficient to indicate an intention in the testator that his wife should have the absolute power of disposal, which is inconsistent with the gift of a life estate, or any limited estate less than the absolute property. See the case of *Hall* v. *Palmer*, recently decided in this court, *ante*, 354, and the cases cited; *Brown* v. *George*, 6 Gratt, 424; *Miss. So. M. E. Ch.* v. *Calvert*, 32 Gratt., 357; *Carr* v. *Effinger*, 78 Va., 197: *Cole* v. *Cole*, 79 Va., 251.

The cases cited by counsel, as *per contra*, of *Johns* v. *Johns*, 86 Va., 333, and *Miller* v. *Potterfield*, 86 Va., 876, are not in conflict, but are distinguished from this case and the cases cited by the circumstance that in *Johns* v. *Johns, supra*, the power of disposal was not absolute in the first taker, for her sole benefit, but also for the benefit of her children; and in

*Miller* v. *Potterfield*, for the benefit, not of herself alone, but of a named beneficiary, William Garrett.

We are of opinion that the decree of the circuit court appealed from here is without error, and the same must be affirmed.

DECREE AFFIRMED.