96   775
102   147

96   775
e109  123

# Richmond.

## DAVIS V. HEPPERT AND OTHERS.

### MARCH 9, 1899.

#### Absent, Cardwell, J.

1. LIFE ESTATE WITH UNLIMITED POWER OF ALIENATION—*Fee-Simple.*—An estate for life, coupled with the absolute and unlimited power of alienation of the fee, express or implied, comprehends everything, and constitutes a fee-simple estate.

Appeal from a decree of the Chancery Court of the city of Richmond pronounced July 23, 1897, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*Anderson & Anderson,* for the appellant.

*D. C. Richardson,* for the appellees.

HARRISON, J., delivered the opinion of the court.

We are called upon to determine the estate acquired by Mary G. Hendrick under the deed filed with the bill in this case, which conveys the land in question to a trustee, to be held for the sole use and benefit of Mary G. Hendrick, for and during the term of her natural life, and after her death to be conveyed by the trustee to such child or children of Mary G., Hendrick as shall be living at the time of her death, provided

that if the said Mary G. Hendrick should desire she shall have the power for her sole use and benefit to sell and dispose of the said property through her said trustee, she expressing her desire for such sale or other disposition to the said trustee in writing.

A line of decisions of this court from *May* v. *Joynes*, 20 Gratt. 692, to *Farrish* v. *Wayman*, 91 Va. 430, establishes the doctrine, well stated by Judge Burks, that "though property is devised or bequeathed to one for life, even in the most express terms, yet if by other terms, in the same instrument, it is manifest that the devisee or legatee is invested with absolute power to dispose of the subject at his will and pleasure, he is not a mere life tenant, but absolute owner; for there can be no better definition of absolute ownership than absolute dominion."

In *Farrish* v. *Wayman*, *supra*, following the doctrine so frequently theretofore declared, it is said "that an estate for life, coupled with the absolute power of alienation, either express or implied, comprehends everything, and the devisee takes the fee."

In *Missionary Society* v. *Calvert*, 32 Gratt. 357, the testator gave to his wife during her natural life or widowhood all of his estate. In a subsequent paragraph he says: "But so long as she remains my widow, she is at liberty to receive from my executors or from my estate, such part of it as she may choose, and to appropriate it as she believes to be just and right." Judge Burks, in delivering the opinion of the court, says: "Now here is a right not only to the interest in this fund, but to the fund itself. It is not a mere naked power to appoint or dispose of, but a right to receive such part of the fund as she may choose, and further, to appropriate, when received, as she believes to be just and right. This language imports absolute dominion, and absolute dominion is one of the best descriptions of absolute property."

It would be needless repetition to quote from or cite the

numerous decisions of this court where this doctrine is declared. They all lead to the conclusion that an estate for life, coupled with absolute power of alienation, either express or implied, comprehends everything, and the devisee takes the fee.

The consideration for the deed in question was natural love and affection for the daughter, and, while a life estate was given her in express terms, with remainder to her children, it was coupled with a clearly expressed and unlimited power to sell and otherwise dispose of the entire estate for her *sole use and benefit.* If Mary G. Hendrick had sold the property for her sole use and benefit, and united with the trustee in conveying the same, which she clearly had a right to do under the express terms of the deed, it cannot be doubted that the purchaser would have taken a fee-simple title, and this he could not have acquired unless the fee-simple title was in his grantor.

The learned chancellor rests his conclusion in this case, that Mrs. Hendrick took a life estate only, with remainder in her children, upon the authority of *Miller* v. *Potterfield,* 86 Va. 876, and *Johns* v. *Johns,* 86 Va. 333. In those cases the doctrine we have adverted to is clearly recognized, and the cases distinguished from the line of decisions referred to upon the ground that the power of alienation there given was not absolute, but restricted. This distinction is again adverted to in the case of *Bowen* v. *Bowen,* 87 Va. 438, the court saying, "The cases cited by counsel, as *per contra* of *Johns* v. *Johns,* 86 Va. 333, and *Miller* v. *Potterfield,* 86 Va. 876, are not in conflict, but are distinguished from this case and the cases cited by the circumstance that in *Johns* v. *Johns, supra,* the power of disposal was not absolute in the first taker, for her sole benefit, but also for the benefit of her children; and in *Miller* v. *Potterfield,* for the benefit, not of herself alone, but of a named beneficiary, William Garrett."

In the case at bar, the naked legal title being in a trustee, we are of opinion that Mary G. Hendrick took an equitable

fee-simple estate which passed at her death to her heirs at law.

For these reasons the decree appealed from must be reversed, and the cause remanded for further proceedings to be had therein.

*Reversed.*