# Richmond.

102    145
106    480

102    145
109    127
e109   451
109    687

BROWN'S GUARDIAN AND OTHERS v. STROTHER'S ADMINISTRA-
TOR AND OTHERS.

DECEMBER 3, 1903.

Absent, Buchanan, J.*

1. LIMITATION OF ESTATES—*Life Estate with Power to Consume Fee—
Repugnancy.*—Whenever, in any conveyance or devise, a life estate
is given, and the life tenant is given power to dispose of or con-
sume the corpus of the estate, the first taker is thereby vested with
a fee-simple, and all limitations over are void on the ground of
repugnancy and uncertainty. Under a devise or bequest to two
persons of "all I possess on earth, for their support, to be used
in no other way," followed by a gift over "if there is anything left
after their death," the first takers are entitled to the whole, and
the gift over is void.

Error to a judgment of the Circuit Court of Loudoun county
sustaining exceptions to the report of the Commissioner of Ac-
counts of said county to the *ex parte* settlement of an adminis-
tration account by the defendant in error, the administrator of
William Strother, and of Effie Strother.

*Affirmed.*

The opinion states the case.

*Edward Nichols, N. C. Nichols,* and *Christian & Christian,*
for the plaintiffs in error.

*Cecil Connor,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

*Judge Buchanan was detained at home by sickness.

This proceeding calls for a construction of the last will and testament of James B. Strother, deceased, which is in the words following:

"I, James B. Strother, do hereby make this, my last will and testament. I give to William and Effie, my brother and sister, all I possess on earth for their support, to be used in no other way, and I hereby appoint Thadeus Hatcher my trustee, without security, to see that it is judiciously used. On no occasion are they to have any part of it while they remain on this farm, and if there is any left after their death, I give to ·J. Homer Mock and Lucy V. Mock fifty dollars apiece ($50.00), and I give all that is over to the youngest child of the late Edward Brown, at Beans Mill, and I direct my trustee to pay my just debts and funeral expenses. I want my trustee to be paid for his services."

From the facts agreed, it appears that the testator and William and Effie Strother were two bachelor brothers and an unmarried sister, who lived together as one family until they successively died. Each lived to be over seventy-five years of age. For the fifteen years next preceding the death of the testator, they lived together upon a farm. The testator made his will February 16, 1899, and died about the last of November, 1899. In the early part of the following spring (1900) William and Effie broke up housekeeping and left the farm, and never returned thereto. Effie died in July, 1900, and William in August, 1901. The estate left by the testator consisted of money and choses in action, amounting, after paying debts, funeral expenses, and costs of administration, &c., to $1,252.93, as shown by settlement made and filed with the record. Effie, at the time of testator's death, owned virtually no property, and William, after the payment of his debts, not more than two or three hundred dollars. The youngest child of Edward Brown, mentioned in the will, was Ruth Brown, about seven years of age. She was remotely related to the testator, and he was very fond of her. The two Mock children named in the

will resided on a farm adjacent to that upon which the testator lived during the last years of his life.

William and Effie Strother having performed the condition precedent mentioned in the will by leaving the farm therein alluded to, we are of opinion that they took under the will of their brother, James, a joint and equal equitable estate in all that the testator possessed, with full power to consume the same in their support; and that the limitations over in favor of the two Mocks, and the child of Edward Brown are void for repugnancy and uncertainty. This case is controlled by a long line of decisions of this court, running from an early day to the present time, which hold that whenever in any devise or conveyance a life estate is given, and there is afterwards given the life tenant, or first taker, power to dispose of or consume the *corpus* of the estate, the first taker is vested with a fee-simple estate, and all limitations over are void on the ground of repugnancy and uncertainty. ·Among the numerous cases in support of this doctrine may be cited *May* v. *Joynes,* 20 Gratt. 692; *Missionary Society* v. *Calvert,* 32 Gratt. 357; *Carr* v. *Effinger,* 78 Va. 197; *Cole* v. *Cole,* 79 Va. 251; *Hall* v. *Palmer,* 87 Va. 354, 12 S. E. 618, 11 L. R. A. 610, 24 Am. St. 653; *Bowen* v. *Bowen,* 87 Va. 438, 12 S. E. 885, 24 Am. St. 664; *Farish* v. *Wayman,* 91 Va. 430, 21 S. E. 810; *Davis* v. *Heppert,* 96 Va. 775, 32, S. E. 467.

In the case at bar the first takers are given an absolute equitable estate in all that the testator "possessed on earth," with the implied power incident to such an estate to consume the same, as well as the expressed power to consume it in their support. Such a gift comprehends everything, and the limitations over are, under the authorities cited, void for repugnancy and uncertainty.

The decree complained of in favor of the administrator of William and Effie Strother is free from error and must be affirmed.

*Affirmed.*