### Richmond

### TAYLOR & OTHERS V. JOHNSON & OTHERS.

#### November 21, 1912.

1. DEEDS—*Fee Simple—Unlimited Power of Alienation After Life Estate—Case in Judgment.*—An estate devised or granted for life, coupled with the absolute power of alienation, either expressed or implied, comprehends everything, and the devisee or grantee takes the fee-simple and absolute title to the property. In the case in judgment, A owned, in fee, an undivided one-fifth of a house and lot, and of a tract of land. The owners of the other four-fifths of both pieces of property conveyed to her the house and lot "during her natural life," without reservation or limitation over of the remainder, and in the deed empowered her "to dispose of the property hereby conveyed in any way she may think proper." A was required to sign this deed, which contained a release to the grantors of her one-fifth interest in the tract of land above mentioned. The house and lot were assessed for taxation at $500 and the tract of land at $2,750. Applying the rule first above stated, it is held that A takes a fee-simple title to the house and lot.

Appeal from a decree of the Circuit Court of Augusta county. Decree for the defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Joseph A. Glasgow* and *Armistead C. Gordon,* for the appellant.

*J. M. Perry,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

This suit was instituted for the purpose of having parti-

tion, among the parties alleged to have an undivided interest therein, of a certain house and lot of land being a part of lot No. 19 on a plat of that part of the city of Staunton known as New Town, and primarily involving the construction of the deed of conveyance of said property under which the parties claim.

The deed in question was executed by John Taylor, William H. Taylor, Frances Thompson (nee Taylor), Mary E. Clarke (nee Grooms), and Charles F. Grooms, children and heirs of Catherine Grooms (nee Taylor), deceased, to Elizabeth Johnson (nee Taylor), wife of John E. Johnson, which deed, signed by both the grantors and the grantee and her husband, so far as pertinent to the issue involved, is as follows: "Witnesseth, that in consideration of the love and affection which the parties of the first part have and bear to the party of the second part and the further consideration of one dollar in hand paid * * * the said John Taylor and Mary C., his wife; George Thompson and Frances, his wife; Thomas R. Clarke and Mary E., his wife; Charles F. Grooms and John E. Johnson, husband of the said Elizabeth Johnson, do grant unto the said Elizabeth Johnson during her natural life a certain house and lot of ground in that part of the city of Staunton commonly called New Town, and designated in the plan of that part of said city by No. 19, being part of said lot numbered 19, and being the same house and lot of ground which was this day conveyed to the parties of the first part herein by James F. Patterson, trustee, by deed which is to be recorded immediately before this deed, but this conveyance is made with the following conditions and reservations. The property hereby conveyed is to be free from the control, marital rights, debts and liabilities of the said John E. Johnson and of any other husband the said Elizabeth Johnson may have hereafter, and said Elizabeth Johnson hereby agrees to receive

and take the property hereby conveyed as in full satisfaction of all claims and interest to which she might be entitled (as one of the heirs) in the estate of her brother, David Taylor, deceased, as is evidenced by her signing and acknowledging this deed, and she is hereby empowered to dispose of the property hereby conveyed in any way she may think proper. And the parties of the first part do covenant that they will warrant generally the property hereby conveyed."

It appears that Elizabeth Johnson already owned an undivided one-fifth interest in the house and lot conveyed to her in said deed, and she thereby relinquished to the grantors therein an undivided one-fifth interest in land she had acquired as an heir at law of her deceased brother, David Taylor, assessed for taxation at $2,750, while the lot conveyed to her by the deed set out above, in which she already owned, as stated, an undivided one-fifth interest, was assessed for taxation at $500; so that there was not only a good, but an adequate valuable consideration for the said conveyance to her.

The question presented by the pleadings was what estate did Elizabeth Johnson take in the house and lot of land conveyed by said deed; and from a decree of the circuit court adjudicating that she took a fee simple estate therein, this appeal is taken.

The rule of construction applying alike to wills and deeds intending to pass title to, or an interest in, property is well established by the decisions of the courts of this and other States to be that an estate devised or granted for life, coupled with the absolute power of alienation, either expressed or implied, comprehends everything, and the devisee or grantee takes the fee simple and absolute title to the property.

In *Davis* v. *Heppert,* 96 Va. 775, 32 S. E. 467, the opinion by Harrison, J., says: "A line of decisions of this

court from *May* v. *Joynes,* 20 Gratt. [61 Va.] 692, to *Farrish* v. *Wayman,* 91 Va. 430 [21 S. E. 810], establishes the doctrine, well stated by Judge Burks, that 'though property is devised or bequeathed to one for life, even in the most express terms, yet if by other terms in the same instrument, it is manifest that the devisee or legatee is invested with absolute power to dispose of the subject at his will or pleasure, he is not a mere life tenant, but absolute owner; for there can be no better definition of absolute ownership than absolute dominion.' "

In that case the consideration for the deed in question was natural love and affection for the grantee (a daughter of grantor), and, while a life estate was given her in express terms, with remainder to her children, it was coupled with a clearly expressed and unlimited power to sell or otherwise dispose of the entire estate for her sole use and benefit, and in speaking with reference to the deed the opinion further says that all the authorities lead to the conclusion that an estate for life, coupled with absolute power of alienation, either express or implied, comprehends everything, and the devisee (or the grantee, as the case may be) takes the fee.

In the case now before us the deed grants a life estate in express terms, but in a subsequent clause it confers a clearly expressed and unlimited power "to dispose of the property hereby conveyed in any way she may think proper."

But, say appellants, the power to dispose of applies only to the life estate in the property granted to Elizabeth Johnson. There is no limitation over in the deed, and the subject described, with respect to which the express and unlimited power of disposal is confered on the grantee, is in the identical language used in the deed construed in *Davis* v. *Heppert, supra,* following a grant and conveyance of the property "to a trustee, to be held for the sole use and

benefit of Mary G. Hendrick for and during her natural life    *    *    *  "

The case of *Johnson* v. *McCoy*, 112 Va. 580, 72 S. E. 123, has no application to the case now before us. In *Johnson* v. *McCoy* the conveyance in express terms conveyed the land to the grantee "during her lifetime, then at her decease to Samuel M. Smith, her son," and there was no subsequent clause in the deed, as in the case here, conferring power and authority "to dispose of the property hereby conveyed in any way she may think proper."

Looking, as we may, to the circumstances connected with the transaction and the situation of the parties in arriving at their intention with respect to the conveyance here in question, no reason appears, or is even suggested in the record, why the grantors in the deed should have intended to convey to the grantee, Elizabeth Johnson, and she to accept, a life estate only in the property conveyed, when she already owned in fee simple an undivided one-fifth interest therein, and was by signing and acknowledging the deed to her, relinquishing to her grantors a like interest—an undivided one-fifth—which she also owned, in absolute right, in another piece of property, which undivided interest was worth at least as much as the property being conveyed to her.

While it may be said that the deed is inartificially drawn, there are no provisions contained in it or language used which takes the instrument out of the control of the established rule of construction to which we have adverted, and as the decree of the circuit court appealed from but follows that rule in adjudicating that Elizabeth Johnson took a fee simple estate in the property conveyed to her, the decree is right and has to be affirmed.

*Affirmed.*