# CASES DECIDED

## IN THE

# Supreme Court of Appeals

## OF VIRGINIA.

### 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

AVANT AND OTHERS v. COOK, EXECUTOR AND OTHERS.

November 11, 1915.

Absent, Keith, P.

1. WILLS—*Probate—Finality of Judgment—Collateral Attack—Lack of Power to Devise.*—The sentence of a court of probate of competent jurisdiction admitting a will to probate cannot be denied in any collateral proceeding touching the will. Its validity can only be tested by resorting to the means provided by law for that specific purpose. Hence the will of a married woman devising her own property, which has been duly admitted to probate, passes her title and cannot be assailed, especially in a collateral proceeding, whether she had power to make a will or not, where no steps have been taken in the mode or time prescribed by law to vacate the action of the probate court.

2. WILLS—*Fee Simple in First Taker—Devise of What Remains.*—Land having been devised to a person in 1887 and the devisee given the unlimited power of alienation and the unrestrained right to consume the entire estate devised, all limitations over to others of what might remain unexpended at the death of the devisee are void on the ground of repugnance and uncertainty, and the first taker is vested with a fee-simple estate.

3. APPEAL AND ERROR—*Objection for First Time.*—An objection, in the trial court, to the admissibility in evidence of a will, saying nothing as to the certificate of probate, is not a sufficient foundation on which to base an objection in the appellate court to the admissibility of the certificate of probate, and the latter objection cannot be made for the first time in the appellate court.

Error to a judgment of the Circuit Court of Botetourt county in an action of ejectment. Judgment for the defendants. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Staples & Cocke* and *H. B. Gregory,* for the plaintiffs in error.

*Haden & Haden, J. E. Gish* and *C. M. Lunsford,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

This action of ejectment was instituted by the heirs at law of Priscilla Gross against the executor and devisees of Thomas Gross, who was the husband of Priscilla Gross, to recover a certain tract of land which was devised by Thomas Gross to Lucy Foe and others, containing two hundred acres.

A jury was waived and all matters of law and fact were submitted to the court with the result that a judgment was entered for the defendants, to which judgment this writ of error was awarded upon the petition of the plaintiffs.

It appears that in January, 1868, George Layman and wife conveyed a tract of land in Botetourt county, containing two hundred acres, to their daughter, Priscilla Gross, who was the wife of Thomas Gross. It does not affirmatively appear from the record that Mrs. Gross ever had any child born to her alive, but it is a reasonable inference from the facts established that she did not. She departed this life in 1887, leaving a will which was duly executed, by which she devised this tract of land, which had been given her by her father, to her husband, Thomas Gross. This will was duly proved before the County Court of Botetourt in August, 1887, and that court ordered it to be recorded as the true last will and testament of the testatrix.

Thomas Gross died in 1914, after having duly executed his last will and testament, dated July 30, 1910, which was proved and admitted to record on April 17, 1914, by which he devised the tract of land in question to the appellees, who held possession of it at the time of the institution of this suit.

In 1868, when the father of Priscilla Gross gave her this tract of land, she and her husband took immediate possession of the premises and erected thereon a dwelling house which they occupied continuously until 1887 when the wife died leaving her husband, Thomas Gross, surviving her, who remained in the continuous possession and occupancy of the land until his death in 1914.

The plaintiffs contend (1) that Priscilla Gross took under the deed of George Layman, her father, a fee simple absolute in the two hundred acres of land, and that being a married woman she was without power to devise the same; (2) that if the devise was valid, the plaintiffs, being her nieces and nephews, took under her will the remainder in the land, subject only to a life estate therein by Thomas Gross.

In the view we take of this case it is unnecessary to determine the question so much discussed by counsel as to the character of the estate Mrs. Gross took under the deed from her father, whether it was a separate estate, or a fee simple absolute. By whatever name it may be called, it was hers and no one could successfully dispute her right to make any disposition of it that she might please during her lifetime. She made a will by which she disposed of it. That will was by a general order to that effect duly proven and admitted to record by a court of competent jurisdiction as the true last will and testament of Priscilla Gross. No steps having been taken in the mode or time prescribed by law to contest the action of the probate court in establishing this instrument as the true last will and testament of Priscilla Gross, it cannot now be successfully assailed, especially in a collateral proceeding like this.

From an early day, in this jurisdiction the established

doctrine has been that the sentence of a court of probate of competent jurisdiction, admitting a will, or writing in the nature of a will, to probate cannot be denied in any collateral proceeding touching the will; that its validity can be tested only by resorting to the means provided by law for that specific purpose.

In *West* v. *West,* 3 Rand. (24 Va.) 373, 386, Judge Green, in discussing a case instructive in this connection, uses this pertinent language: "The will, however, ought not to have been admitted to probate generally, for that might have the effect of giving it validity as a will of lands. Although a probate is not necessary, with us, to give effect to a will of land, yet, when admitted to probate as a will of lands, it cannot afterwards be questioned in any way but that prescribed by the act of Assembly."

In *Nalle* v. *Fenwick,* 4 Rand. (25 Va.) 585, in considering whether a will was so proved as to pass lands, the court, after adverting to the statute prescribing the time in which wills could be contested, said: "Can we now call in question the probate of this will or disturb it in any way? The law says not. It says that no party appearing within seven years to contest the will, the probate shall be forever binding; and so say the decisions of this court."

In *Vaughan* v. *Green,* 1 Leigh (28 Va.) 316, which was an action of ejectment, it appeared that the will of William Boyd had not been executed so as to be valid as a will of lands, but it had been admitted to probate generally, and not having been contested in the time prescribed by law, it was held to be a complete will of lands. In that case, as in the instant case, it was claimed that as the will was not a valid will of lands when executed, its probate could not enable it to pass the title which the testator had to the land. The court said: "The proper court of probate, in 1785, admitted the paper, purporting to be the will of William Boyd, to full probate, had it recorded, and granted administration under it. There has

never been any bill filed, or attempt made in any other form, to impeach it. And in 1823, thirty-eight years after the probate, it is objected that this will shall not be introduced in evidence in a contest about the lands held under it. I do not think this objection can be sustained on any ground. In *Bagwell* v. *Elliott*, 2 Ran. (23 Va.) 189, *West* v. *West*, 3 Rand. (24 Va.) 373, and *Nalle* v. *Fenwick*, 4 Rand. (25 Va.) 585, this court decided that a will, admitted to probate by the proper court, could only be contested by bill; and that no party appearing within seven years to contest the will, 'the probate shall be forever binding.' "

In the case of *Parker* v. *Brown*, 6 Gratt. (47 Va.) 554, Sally Parker failed to execute her will so as to make it a valid testamentary disposition of her real estate. The court held that, inasmuch as the will had been admitted to probate generally as her last will and testament, and no appeal from the sentence of probate had been taken, and no bill filed to disturb the will as a good will of real or personal estate, under such circumstances the probate of the will operated to give it effect as a will of lands, and that its validity as a well executed and proved will of real estate could not be impeached. See also *Street* v. *Street*, 11 Leigh (38 Va.) 521, and *Schultz* v. *Schultz*, 10 Gratt. (51 Va.) 358, 60 Am. Dec. 335.

The case of *Robinson* v. *Allen*, 11 Gratt. (52 Va.) 785, on the question we are now considering, is very similar to the case at bar. In that case, just as in the instant case, the suit was brought by the heirs at law against the personal representative and legatee of the testatrix, claiming that the will of Catherine Bradford, who was a married woman, was void because a married woman could not make a will. The will had been admitted to probate, and in disposing of the case the court said: "It is suggested, however, by the appellee's counsel, in the argument here, that inasmuch as it appears on the face of the paper that Catherine Bradford was a married woman at the time of executing it, it cannot have the effect

of a will, and that she must be regarded as dead intestate. This objection could have had no force in this suit, even if made in the court below; for it is well settled by the decisions of this court, that the sentence of a court of probate, of competent jurisdiction, admitting a will, or writing in the nature of a will, to probate, is conclusive evidence of the due making thereof, and that it cannot be denied in any collateral proceeding touching the will; that its validity can be tested only by resorting to the means provided by law for that specific purpose."

In *Ballow* v. *Hudson,* 13 Gratt. (54 Va.) 672, where a like question was involved, the court said: "This court has decided very frequently that if a court of competent jurisdiction shall admit a will to probate as a will of lands, which appears upon its face, or upon the record of the probate, not to have been duly executed as a will of lands, still the sentence is binding upon all concerned in interest, and upon all courts, as long as the sentence remains in force. That such is the law is regarded as well settled."

In *Norvell* v. *Lessueur,* 33 Gratt. (74 Va.) 222, it is held to be a settled rule of law in Virginia, "that the admission of a will to probate generally is conclusive of its validity, both as a will of realty and personalty, which cannot be drawn in question except on an issue *devisavit vel non* within the time and in the mode prescribed by the statute." See also *Bryan* v. *Nash,* 110 Va. 329, 66 S. E. 69.

In the recent case of *Saunders* v. *Link,* 114 Va. 285, 76 S. E. 327, William A. Huffman died in 1908, survived by a widow and leaving as his heirs at law adult children and infant grandchildren. Prior to his marriage Huffman made a will giving his entire estate to Mary F. Saunders, whom he subsequently married, and appointed her his executrix. This will was duly admitted to probate and the widow qualified as executrix. One of the adult children brought suit, praying that the will might be treated as a nullity and that it might

be adjudged that Huffman died intestate, upon the ground that the subsequent marriage of the testator absolutely revoked the will under the terms of the statute (Code 1904, sec. 2517). The circuit court granted the relief asked and upon appeal by the widow this court reversed the circuit court and affirmed the binding effect of the order admitting the will to probate, holding the settled doctrine in this State to be, "that the sentence of a court of probate having jurisdiction of the subject is a judgment *in rem,* and until reversed binds not only the immediate parties to the proceeding, but all other persons (though infants at the time) and all courts."

In the light of these authorities we are of opinion that the disposition made by Priscilla Gross in her will of *her* estate cannot now be questioned. Her will was admitted to probate generally, and not having been contested within the time pre-scribed by law, it is now forever binding as a complete will, passing title to such lands and personal property belonging to her as the testatrix disposed of by the same.

We are further of opinion that under the will of Priscilla Gross, her husband, Thomas Gross, took a fee simple in the lands devised to him, and not a life estate only, as contended by counsel for appellants. So much of the will as is pertinent to this inquiry is found in the third and fourth class, which are as follows:

Third. "I give and bequeath unto my beloved husband, Thomas Gross, all of my remaining estate, both real and personal. My real estate consisting of two adjoining tracts of land lying in Botetourt county in the State of Virginia, one containing ninety-seven and the other 103 acres; being the same land which was conveyed to me by George Layman and Polly Layman, his wife, by deed bearing date January 24, 1868, and recorded in the clerk's office of Botetourt county court, Book No. 35, page 580. I give and bequeath the same to my beloved husband, Thomas Gross, as aforesaid, to have and to hold to himself in his own individual right with full

power to control the same as he may elect or to sell and convey the same to any person or persons whatever, and to use the proceeds thereof as he may elect during his natural life; but if he does not during his natural life sell the said lands herein bequeathed to him, then after his death I desire that the said land shall be sold and the proceeds thereof shall be equally divided amongst the legal heirs of my brothers and sisters, or if said lands shall be sold and conveyed by my husband, Thomas Gross, during his natural life and the proceeds invested in other lands or remain unexpended at the time of his death, then the same shall be equally divided amongst the legal heirs of my brothers and sisters as aforesaid.

Fourth. "Nothing contained in clause third shall be construed as to prevent my beloved husband, Thomas Gross, from the free and full use of said lands or the proceeds thereof during his natural life in any way that he may think necessary to his comfort and well being, and he shall not in any wise be held accountable for the same."

The fifth clause of the will appoints her husband as the executor of her will without giving security.

This language cannot be construed otherwise than as giving to testatrix's husband, Thomas Gross, the unlimited power of alienation and the unrestrained right to use and consume the entire estate devised to him. Where these powers are given without restriction to the first taker, all limitations over to others of what may remain unexpended are void on the ground of repugnance and uncertainty, and the first taker is vested with a fee-simple estate. It would be a vain task to review the numerous cases on this subject decided by this court and repeat what has been already said many times. Among the cases upholding this doctrine, which has now become a canon of property, may be mentioned, *Farish* v. *Wayman,* 91 Va. 430, 21 S. E. 810; *Davis* v. *Heppert,* 96 Va. 775, 32 S. E. 467; *Brown* v. *Strother,* 102 Va. 145, 47 S. E. 236; *Rolley* v. *Rolley,* 109 Va. 449, 63 S. E. 988; *Hunter* v. *Hicks,* 109

Va. 615, 64 S. E. 988; *Randall* v. *Harrison,* 109 Va. 686, 64 S. E. 992; *Hansbrough* v. *Presbyterian Church,* 110 Va. 15, 65 S. E. 467; *Crutchfield* v. *Greer,* 113 Va. 232, 74 S. E. 166; *Taylor* v. *Johnson,* 114 Va. 329, 76 S. E. 325.

On trial of this cause the appellees offered in evidence a certified copy from the will book of the record of Mrs. Gross' will and of the order admitting the same to probate. This copy of the record was attested by Turner McDowell, the clerk in whose office the record was kept. When this copy of the record was offered in evidence the appellants objected to the admission of the will, upon the ground that Priscilla Gross had no power to make such a will, etc. No objection was made in the circuit court to the certificate of the deputy clerk who spread the will and probate order on record. The attention of neither the court nor counsel was called to any objection to the copy of the order of the county court admitting the will to probate, and the circuit court did not pass upon any such objection. It is now for the first time urged in this court that the defendants offered in evidence an unauthenticated copy of the judgment of probate—a mere certificate of a party, made thirty years ago, styling himself a deputy clerk. The certificate objected to is as follows:

"In Botetourt county court, August 8, 1887. A paper writing purporting to be the last will and testament of Priscilla Gross, deceased, was this day produced to the court and fully proven by the oath of Robert R. Lunsford, one of the subscribing witnesses thereto, and Gabrier Mumbard, the other witness, being dead by the oath of C. M. Lunsford as to his handwriting and ordered to be recorded as the true last will and testament of the said Priscilla Gross, deceased.

"A Copy—Teste:

"JAMES GREEN, D. Clk."

A Copy—Teste:

"TURNER McDOWELL, Clerk."

If there was any merit in this objection, it should have been made in the circuit court where the original order of probate was and where any valid objection to the certification of the order of probate doubtless could and would have been promptly remedied. The objection, which was directed exclusively to the *will* as evidence, upon the ground that the testatrix could not make a will, was well calculated to mislead the court and opposing counsel, and was wholly unavailing to them as notice of any alleged defect in the certification of the sentence of probate.

There is no error in the judgment of the circuit court, and it is affirmed.

*Affirmed.*