Winifred Hicks EYBER, Betty Eyber Gallup, and Joyce Eyber Hunt

v.

**DOMINION NATIONAL BANK OF BRISTOL OFFICE, the First National Exchange Bank of Virginia, Parks-Belk, Company, Inc. and Sherwin-Williams, Inc.**

Civ. A. No. 65-C-69-A.

United States District Court
W. D. Virginia,
Abingdon Division.

Jan. 17, 1966.

Bradley Roberts, Stant & Roberts, Bristol, Va., William Wenke, Santa Ana, Cal., for plaintiffs.

Stuart Carter, and Francis W. Flannagan, Bristol, Va., for Dominion Nat. Bank of Bristol Office and First Nat. Exchange Bank of Va.

William H. Woodward, Bristol, Va., for Parks-Belk Co.

No attorney for Sherwin-Williams.

DALTON, Chief Judge.

This proceeding arises on a motion to dismiss the complaint, and the outcome turns on whether the situation is such as to allow this court to assume jurisdiction and in effect determine which of two writings, both purporting to be the last will and testament of Trula Hicks Rouse, is the true last will of that testatrix.

The first instrument, which the plaintiffs offer as the decedent's last will, was duly executed on September 7, 1951, in Bristol, Tennessee. In 1954 the testatrix went to California and stayed in the home of Winifred Hicks Eyber, her niece, and shortly thereafter a proceeding relative to her mental capacity was instituted in the Superior Court of the State of California, in and for the County of Los Angeles. On January 14, 1954, that court adjudged Trula Hicks Rouse to be incompetent to transact any business affairs, to execute valid or binding instruments, or to manage or dispose of her property.

Sometime in 1955 the testatrix returned to Tennessee, and from the information given in the amended complaint, it seems that at the time she expressed a desire to return to her home, another proceeding relative to her mental capacity was pending in the Chancery Court of Bristol, Tennessee. By a decree handed down on August 30, 1955, that court also declared Trula Hicks Rouse incompetent, approving the previous California decision, and set up a mechanism whereby her affairs could be managed by court appointed guardians.

It further appears from the amended complaint that the decedent's co-guardian, Ernest H. Dickey, subsequently established her in an apartment in Bristol, Virginia, where she lived with a nurse until her death.

On January 30, 1956, Trula Hicks Rouse executed the second instrument in question here, which the defendants claim is her true last will and testament.

The testatrix died on December 3, 1964.

The will dated January 30, 1956, which expressly revoked her prior will, was probated before the Clerk of the Corporation Court for Bristol, Virginia, on December 8, 1964. The will dated September 7, 1951, was probated in the County Court of Sullivan County, Tennessee, also on December 8, 1964.

On June 2, 1965, the plaintiffs filed in the Clerk's Office of the Corporation Court for Bristol, Virginia, an application for an appeal of its probate of the second will of Trula Hicks Rouse. This appeal, filed pursuant to Va.Code Ann. § 64–74 (1950), is now pending in that Court.

The complaint in this action asks this court to declare that the will dated September 7, 1951, probated in Tennessee, is the true last will and testament of Trula Hicks Rouse. Defendant has filed a motion to dismiss both the original complaint and the amended complaint (the letter was filed by leave of court on November 10, 1965).

As a general proposition, federal courts do not assume jurisdiction of matters which are probate in nature, even

though diversity of citizenship and the requisite jurisdictional amount may be present. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946); Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664 (1917); Farrell v. O'Brien, 199 U.S. 89, 25 S.Ct. 727, 50 L.Ed. 101 (1905); Foster v. Carlin, 200 F.2d 943 (4th Cir. 1952); Guilfoil v. Hayes, 86 F.2d 544 (4th Cir. 1936); Strickland v. Peters, 120 F.2d 53 (5th Cir. 1941); Underground Ry. v. Owsley, 176 F. 26 (2d Cir. 1909); 1 Moore, Federal Practice ¶ 0.6(4) (1964); 54 Am.Jur. United States Courts §§ 36, 37 (1945). This is not because the courts are courts of the United States but because probate is not a subject of general equity cognizance. It is purely statutory and moreover is a proceeding *in rem* which does not ascertain and enforce rights or property but rather establishes, preserves, and perpetuates an important muniment of title. See Underground Ry. v. Owsley, supra; Tyson v. Scott, 116 Va. 243, 81 S.E. 57, 60 (1914).

■■ A probate court is a special tribunal of limited and strictly construed jurisdiction and has no powers other than those expressly conferred by the statute creating it. A state court of general equity jurisdiction, on the other hand, has no power to probate a will unless that power has been granted it by the legislature of the state. The Legislature of Virginia has not chosen to make probate a part of the general equity jurisdiction of the courts of Virginia, and it follows that a federal court sitting in the state will be limited in the same manner as the State Equity Court.

Counsel for plaintiffs contend that "the questions involved in this case are whether or not the Virginia courts should give full faith and credit to the decrees and orders of courts of competent jurisdiction in California and in Tennessee declaring Trula Hicks Rouse incompetent and appointing a guardian for her person and property and the order of a court of competent jurisdiction in the State of Tennessee admitting her will to probate."

In other words, plaintiffs argue that to declare the will of January 30, 1956 to be of no legal effect would not be to exercise probate powers, but would merely be giving recognition to the decrees of the California and Virginia Courts that the testatrix was incompetent at the time she drew this will.

■■ In order to establish the second will of the testatrix, the Corporation Court for Bristol, Virginia would necessarily have to find that she had testamentary capacity at the time she executed the instrument. In re Bentley's Will, supra; 57 Am.Jur. Wills § 944 (1948). Plaintiffs, therefore, would be asking this court to hold the probate invalid on the ground that the Bristol, Virginia Court was bound by *res judicata* to give recognition and effect to the prior adjudication of incompetency and hence was precluded from making its own determination on that question. The court finds this line of reasoning unconvincing, for even if the probate judgment could be assailed in this court, the judgment of the Virginia and California Courts that Trula Hicks Rouse was incompetent is in no sense binding on the probate court. Tate v. Chumbley, 190 Va. 480, 57 S.E.2d 151 (1950), held that the effect of the applicable provisions of the Virginia Code is that an interested party may have the mental capacity of a testator to make a will factually decided through the procedure outlined therein, and that that right cannot be foreclosed by estoppel of record or rendered *res judicata* in any judicial or quasi-judicial proceeding to which such interested person may be a party *other than one of probate.* The issue of whether or not a testator had mental capacity to make a particular will can be rendered *res judicata* in a probate proceeding and in no other proceeding.

■ Mental capacity to execute a will may factually exist and be shown even though the testator has been adjudged insane. Tate v. Chumbley, supra, (citing cases). The law only requires testamentary capacity at the time the will is made—this is the controlling factor. Jenkins v. Trice, 152 Va. 411, 147 S.E.

251 (1929); Forehand v. Sawyer, 147 Va. 105, 136 S.E. 683 (1927). Tate v. Chumbley, supra.

There is an additional reason why the plaintiffs cannot prevail on this contention. Even if the prior judgments of incompetency were *res judicata* on that issue, it is well settled that when there are two inconsistent judgments, the latest is binding and conclusive in other courts. Again, this is based upon the proposition that a plaintiff's proper remedy is an appeal rather than a collateral attack. Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939). See also section 42 of the Restatement of Judgments. If the judgment of the Bristol Court is erroneous, of course it may be set aside on appeal. However, the merits of that decision cannot be decided by this court.

It might be further argued that the judgment of the Corporation Court of Bristol, Virginia, is void because that Court had no jurisdiction to probate any will of Trula Hicks Rouse.

Further it may be contended that Trula Hicks Rouse was in law a citizen of Tennessee and could not change this domicile by her sole act since she had been adjudged incompetent. The amended complaint states that the fact that her guardian rented a place for her to stay in Bristol, Virginia, was merely for the sake of convenience and could not change her legal domicile. Since the testatrix was a domiciliary of Tennessee at the time of her death, then, the Virginia Court was without jurisdiction to probate any will which might have been drawn by her.

Assuming, *arguendo*, that this reasoning is sound as far as it goes, this court could still not invalidate the Bristol Court's probate on the basis of such a collateral attack. This is because probate is a judgment *in rem*, which cannot be collaterally attacked, but only assailed in the manner provided by statute. Hall v. Brigstocke, 190 Va. 459, 58 S.E.2d 529, 19 A.L.R.2d 921 (1950); Tate v. Chumbley, supra, In re Bentley's Will, 175 Va.

456, 9 S.E.2d 308 (1940); Avant v. Cook, 118 Va. 1, 86 S.E. 903 (1915); 57 Am. Jur. Wills § 934 (1948).

The Virginia Court in Hall v. Brigstocke, supra, thought that this proposition was so well settled that it did not even merit citation of authorities. The flat statement that a probate judgment can never be attacked collaterally should be qualified, however, by recognizing the fact that in some instances, want of due notice has been deemed sufficient ground for a collateral attack. No contention along these lines has been made by the plaintiffs, however.

While probate settles all questions as to formality of execution and capacity of the testator, it should be noted that the conclusiveness of the probate of an earlier will does not preclude the probate of a later will, since the probate of the later will is not an attack on the judgment of probate of the earlier will. In re Bentley's Will, supra; Schultz v. Schultz, 57 Va. (10 Gratt.) 358 (1853).

As pointed out above, courts of equity have no inherent jurisdiction to set aside a will for fraud, undue influence, or lack of testamentary capacity, as jurisdiction for these questions is based solely on statute. Queensbury v. Vial, 123 Va. 219, 96 S.E. 173 (1918); 57 Am.Jur. Wills § 773 (1948). The method and right of impeaching a will depends on the procedure and law as set forth in the Virginia Code. Branch v. Branch, 172 Va. 413, 2 S.E.2d 327 (1939). This is assimilated to an appeal in that it is a continuation of the same case upon the same evidence, and the case is simply heard *de novo* in the higher tribunal. Tyson v. Scott, supra.

For these reasons, it is obvious that the appeal which has already been filed in the Corporation Court for Bristol, Virginia, is the proper way to attack the probate of that Court, and that a collateral attack in this court should not be permitted.

Neither the theory of *res judicata* nor the idea that the Corporation Court of

Bristol, Virginia was without jurisdiction and hence its judgment is subject to collateral attack may be invoked to give this court jurisdiction in this case. An order will be entered sustaining the defendant's motion to dismiss.