## Lee & al.

### *v.*

## Law.

(*Supreme Court of Appeals of Virginia, Feb. 2, 1894.*)

[19 S. E. Rep. 255.]

**Wills—Construction of—Nature of Estate—Discretion in Trustee to Sell Life Estate—Case at Bar.**

Testatrix devised a tract of land, and all her personal property, in trust for the benefit of her niece,—the land for life, and the personal property for her sole and separate use,—and providing that at the death of L., if she die without issue living, the land should go to the children of one H., but if the trustee deemed it necessary, for the comfort and support of L., to sell the land and use the purchase money, he was authorized to do·so, with remainder of real or personal estate arising from such sale to go to the children of H. The trustee did not sell the land, as it was not necessary to do so, for L.'s support. L., dying without issue, devised the land to her husband: *held*, that L. took only a life estate in the land, and at her death the remainder, in fee simple, vested in the children of H.

Appeal from circuit court, Bath county.

Bill by Georgiana G. Lee and others against Benjamin Law. From a decree for defendant, complainants appeal. Reversed.

*G. W. & L. C. Hansbrough* and *J. T. McAllister,* for appellants.

*John Stephenson,* for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

This is an appeal from a final decree of the circuit court

of Bath county, rendered on the —— of September, 1891, in a chancery suit therein pending, in which Georgiana G. Lee, R. Blish McCoy and Helen P. McCoy (his wife), Elizabeth H. Hansbrough, John A. Hansbrough, and James B. Hansbrough (the last two being infants, who sue by John S. Hansbrough, their father and next friend), are complainants, and Benjamin Law is defendant. The object of the suit is for the construction of the first clause of the will of Elizabeth T. Strother, deceased, which said last will and testament was duly admitted to probate before the county court of Bath county, Va., at the April term, 1880. The said first clause is as follows : "1st. Subject to the payment of my debts, and the specific legacies hereinafter named, I will, bequeath, and devise to William Skeen, in trust, the tract of land on which I reside, known as 'Bleak House,' and all my personal property, of every kind and description, not specifically disposed of otherwise, to hold for the benefit of my niece, Lucy H. Law, as follows : The real estate for life, and the personal for her sole and separate use. And at the death of the said Lucy H. Law, if she dies without issue living at her death, the real estate herein devised to go to the children of the Reverend John S. Hansbrough. But if my said trustee deems it necessary, for the comfort and support of the said Lucy H. Law, to sell the land, and use a part or all of the purchase money to that end, he is at liberty to do so, or to sell, and invest the proceeds in other lands ; and, in the event he should do so, whatever real or personal estate arising from the sale so made may remain at the death of the said Lucy H. Law to go to said John S. Hansbrough's children. In the event of the said Lucy H. Law leaving children, then all the property bequeathed and devised as aforesaid I give and devise to her children." At the September term, 1891, the circuit court of Bath county entered the decree appealed from, reciting : "The court, having maturely considered the proper construction of the will of Mrs. Eliza-

beth T. Strother, deceased, is of opinion, and doth decide, that, under said will, Mrs. Lucy H. Law took an absolute, equitable, fee simple estate in the Bleak House tract of land, and that the devise over to the children of John S. Hansbrough of what remains is void for repugnancy and uncertainty, and that consequently the said estate passed to the defendant, Benjamin Law, under the will of his wife, the said Lucy H. Law. It is therefore adjudged, ordered, and decreed that the title of the said Benjamin Law to the said Bleak House tract of land be held firm and stable ; that the bill of the plaintiffs be dismissed,'' with costs in favor of the defendant, Benjamin Law.

The last will of Mrs. Lucy H. Law, referred to in the foregoing decree, was presented in court, and admitted to probate, March 12, 1890, and is as follows :   ''I, Lucy H. Law, for my last wishes, give everything of which I die possessed to my beloved husband, Benjamin H. Law.   I have been indebted to him during our married life for a comfortable support, and there is not enough left to indemnify him for all that he has expended in my behalf. Therefore, all that remains is justly his, and I desire that he shall have everything of every kind that I leave behind, without exception.   As witness my hand and seal this 10th day of February, 1886.   Lucy H. Law.''   The bill avers that the appellants are the children of Rev. John S. Hansbrough, to whom the said Bleak House tract of land was devised in remainder after the life estate given to Mrs. Lucy H. Law —in default of her leaving children or issue living at the termination of her life estate—by the will of Mrs. Elizabeth T. Strother, deceased, and prays for the delivery to them of the possession of the said tract of 82 acres of land withheld from them by the said Benjamin Law since the death of his wife, Lucy H. Law ; and prays for an account and decree for use and occupation of the said tract of land from the date of the death of the said Lucy H. Law.   The bill

charges, and the record shows, that it was never necessary, during the lifetime of Mrs. Lucy H. Law, and the trustee, William Skeen, did not at any time, during the lifetime of the said Mrs. Lucy H. Law, deem it necessary, for the support or comfort of the said Lucy H. Law, to sell the said Bleak House tract of land, and to use the whole or any part of the proceeds thereof towards the support or comfort of the said Mrs. Lucy H. Law, and no portion of the said land was ever sold, or otherwise disposed of, either by the said trustee or any one else, and that the said Mrs. Lucy H. Law never deemed it necessary or desired it to be sold for her support or comfort.

We are of opinion that, under the will of Mrs. Elizabeth T. Strother, Mrs. Lucy H. Law took only a life estate in the said Bleak House tract of land, and that, having died leaving no issue living at her death, the remainder, in fee simple, vested in the children of the said John S. Hansbrough — the appellants — immediately upon the termination of the said life estate ; and they were entitled to the possession of the said tract of land at the death of the said Lucy H. Law, the life tenant. The will embodies, and explicitly expresses, the intention of the testatrix to provide for her niece, Mrs. Law, a comfortable support, during her life, out of the usufruct of the land, and, by an express limitation over, to give the land, in absolute fee simple, to the children of the Reverend John S. Hansbrough, "if she dies without issue living at her death." That the testatrix meant to provide a life usufruct, only, in the land, for Mrs. Lucy H. Law, is manifest in the wide discrimination which she makes between the real estate and the personalty :   "I will, bequeath, and devise to William Skeen; in trust, the tract of land on which I reside, known as the 'Bleak House,' and all my personal property, of every kind and description, not specifically disposed of otherwise, to hold for the benefit of my niece, Lucy H. Law, as fol-

lows : The real estate for life, and the personal for her sole and separate use. And at the death of the said Lucy H. Law, if she dies without issue living at her death, the real estate herein devised to go to the children of the Reverend John S. Hansbrough," etc. No control or discretion to sell the land, and use the proceeds of sale, is given to Mrs. Law, even in the contemplated possible contingency of a necessity to do so for her comfort and support, and no positive or absolute power or duty is imposed upon or vested in the trustee, but only a limited and qualified power to sell, and apply the proceeds to her comfort and support, should he deem it necessary to do so. He did not deem it necessary or proper to exercise his mere discretion to sell the land, and apply the proceeds, nor does it appear from the record that such sale and application were at all necessary, or that Mrs. Law, in the use and enjoyment of the land up to her death, ever applied to the trustee to exercise his discretion in her behalf. And, even had there been any such necessity, Mrs. Law had, under the will, neither authority to be the judge of such necessity, nor the power to sell, and apply the proceeds of sale ; and the bestowal of this limited and guarded discretion, to deem it necessary, on William Skeen, the trustee, was a virtual denial of such discretion and power to Mrs. Law. The careful and skillful structure of the will (drawn and advised, doubtless, by accomplished counsel) not only does not impose any duty or discretion on the trustee to act, or to be amenable to a court of equity to compel his consent, but, by the strongest implication of the terms and intendment of the will itself, he could only sell, and apply the proceeds, in the exercise of an intelligent and conscientious discretion (not a power, duty, or direction), which no power on earth could control or compel. In Burnett v. Hawpe, 25 Gratt. 481, this court did say : "Although the separate estate be conveyed to a trustee, his assent is not necessary to a valid alienation or charge by the

wife, unless it is required, expressly or by strong implication, in the instrument under which the property is devised." There a separate estate in fee simple was given to Mrs. Steele, and a trustee was interposed to protect the property from the control and liabilities of her husband, and the *jus disponendi* was incident to the estate given to her; and not only was she given, by the will, an absolute estate in the property devised to her, but there was no limitation over in any event whatever. Here no separate estate in fee in the land was vested in the trustee for Mrs. Law; and her power of use and enjoyment or alienation was confined to the use and disposition of the rents and profits during her lifetime. And the only contingency upon which the land could be sold, and the proceeds applied to Mrs. Law's comfort and support, was a condition which never did arise or exist, and which neither she nor the trustee, in his discretion, ever deemed necessary. No discretion, no authority, whatever, is conferred upon Mrs. Law to sell and apply proceeds; and only if the trustee should deem it necessary, then he was at liberty—not commanded or directed—to sell and apply. The necessity contemplated by the will as a *remotissima potentia* must not only exist, but the trustee (interposed not merely as a vehicle to hold the legal title, but for his well-known ability, judgment, and learning) must deem it to exist. And, as we have already said, the bestowal of this discretion and power to judge of the actual necessity upon the trustee was a palpable negation of such discretion or authority in her. The will does not say: "If it be necessary for her comfort and support," but "if the trustee deems it necessary." Even had the will devised the land to Mrs. Law with power to sell, or to ask a court of equity to compel the trustee to exercise a power to sell, and apply, if necessary, for her comfort and support, she could not validly have sold or changed it, unless such necessity actually existed.

In Stevens v. Winship, 1 Pick. 318, testator devised land to his wife for life, remainder, after her death, to his brothers and sisters, but gave the wife, devisee, in case she should stand in need, full power to sell his whole estate for her comfortable support, and appointed her the executrix of the will. She, by deed reciting her power under the will, and declaring that she found it necessary to sell the land to pay the testator's debts, and for her comfort and support, sold and conveyed the land to one Lucas, for value. After her death the remaindermen sued to recover the land. The court below instructed the jury that the widow life tenant had no power to sell the land, unless it was necessary for her comfortable support, of which the jury were to judge, and that, unless such actual necessity did exist, they should find for the plaintiffs. The jury found for the plaintiffs, and judgment was according to the verdict. This judgment was affirmed by the supreme court of Massachusetts. This case was followed in Warren v. Webb, 68 Me. 133, and in Larned v. Bridge, 17 Pick. 339. The distinction between such cases and the cases where a life estate is given with unlimited power of disposal or consumption is clearly pointed out in Hale v. Marsh, 100 Mass. 468, where it is held that in cases of the latter kind the life estate and the power to dispose or consume coalesce, and form a fee, making the limitation over void ; the first taker being, by law, vested with the whole, absolute estate. See, also, Jones v. Bacon, 68 Me. 34. This case is not within the rule of Cole v. Cole, 79 Va. 251, nor of May v. Joynes, 20 Gratt. 692, where the testator says: "I give to my wife * * * my whole estate, real and personal, to her during her life, but with power to make sale of any part of said estate, and to convey absolute titles to the purchasers, and use the purchase money for investment, or any purpose she pleases, with only this restriction : That

whatever remains at her death shall, after paying any debts she may owe, or any legacies she may leave, be divided as follows." In every case in this court from Shermer v. Shermer, 1 Wash. (Va.) 266, to Bowen v. Bowen, 87 Va. 438, 12 S. E. 885, wherein it is held that the life estate coalesced with the power to the first taker to sell or to use, and formed a fee, and rendered the limitation void for repugnancy, or by necessary implication, it was held that an absolute power to sell or to consume was given to the first taker. Most of these cases are reviewed in Randolph v. Wright, 81 Va. 608, and in Hall v. Palmer, 87 Va. 354, 12 S. E. 618. And in Johns v. Johns, 86 Va. 333, 10 S. E. 2, it was held by this court that the devise, ''I will and desire that my wife, Rebecca, shall have and hold all my estate, during her natural life, for the benefit of herself and children, to be used as she may think proper,'' taken as an expression of the testator's intention, did not import an absolute estate to his wife, and could not be seized upon, by a technical finesse of the law, to enlarge the life estate given into an absolute estate, and thereby defeat the well-expressed and manifest intention of the testator.

The manifest intention of Mrs. Strother's will, and express terms of the will, provide only a comfortable support, for life, for Mrs. Law, out of the land devised to William Skeen, trustee, and give a remainder over, in fee, to the children of the Reverend John S. Hansbrough, in the event of Mrs. Law's dying without issue living at her death. Here are two well-defined purposes in the mind and will of the testatrix, which are not in conflict with each other, nor with any rule of law ; and, even had the limitation over to the children of Rev. J. S. Hansbrough not been made, there is an express limitation over, in fee, to any children whom Mrs. Law might leave at her death.

For the foregoing reasons, we are opinion that the decree

appealed from is wholly erroneous ; and our judgment is to reverse and annul the said decree, and to remand the case to the circuit court of Bath county for a decree in favor of the complainants, for possession and quiet title to the land devised, and for an account of rents and profits of the said Bleak House tract since the death of Mrs. Law.     Reversed.