# Wytheville.

## James T. Patterson, et als., v. Old Dominion Trust Company, Trustee, et als.

### June 12, 1924.

#### Absent, Prentis, J.

1. Dismissal, Discontinuance and Nonsuit—*Equity—Complainant's Right to Dismiss.*—As a general rule, the law is that a complainant in a suit in equity is *dominus litis,* and has the unquestioned right to dismiss the suit at any time before affirmative rights of others have attached.

2. Trusts and Trustees—*Sale of Trust of Estate by Trustee—Sale Without Intervention of Court—Case at Bar.*—A will gave to a trustee one-sixth of testator's estate to be held for the benefit of the testator's daughter during her life with a devise over in case of her death leaving no issue. The trustee was authorized to sell any portion of the trust property if the income should be insufficient to provide for the proper support of the daughter of which the trustee should be the judge.

   *Held:* That the right of the trustee to sell and convey real estate belonging to the trust without the aid or intervention of a court of equity was not open to debate.

3. Dismissal, Discontinuance and Nonsuit—*Equity—Right of Trustee to Dismiss Suit Brought by Him to Sell Trust Property—Case at Bar.*—In the instant case a trustee who under the trust was authorized to sell the trust property to provide for the support of the beneficiary for life, not wishing to act on its own judgment in selling real property belonging to the trust, submitted itself and the trust estate to the jurisdiction of the court of equity and sought its aid by impleading those who might be beneficially interested in the trust estate.

   *Held:* That the court having acquired jurisdiction of the trust estate, the dismissal of the suit rested in its sound discretion and not upon the absolute right of the complainant; and that an answer had not been filed did not change the situation.

4. Trusts and Trustees—*Trustees—Neutrality to be Observed by Trustee.*—In the management of trust property, a trustee should always conduct himself with strict neutrality, favoring none of the parties, and

endeavor to obtain an impartial direction in all cases of doubt or difficulty; and he should also preserve and protect the trust fund for the benefit of all interested in the distribution thereof.

5. DISMISSAL, DISCONTINUANCE AND NONSUIT—*Trust—Discretion of Court.*—Ordinarily a plaintiff has the absolute right to dismiss his action, but a plaintiff who acts in a fiduciary capacity has not such absolute right. Thus where a trustee with an absolute right to sell real property sought the advice and aid of a court of equity and impleaded contingent remaindermen, the court having been put upon notice that in the opinion of those interested in the trust property the same was about to be sacrificed should, of its own motion, have held the matter in abeyance until satisfied of the reason for the dismissal of the suit; especially would this be true where infants' rights are involved, as they were in this cause.

Appeal from a decree of the Circuit Court of Henrico county. Decree for complainant. Defendants appeal.

*Reversed and remanded.*

The opinion states the case.

*Julien Gunn* and *R. E. Byrd,* for the appellants.

*Jos. M. Hurt, Jr., C. V. Meredith,* and *Henry W. Oppenheimer,* for the defendants in error.

CAMPBELL, J., delivered the opinion of the court.

On April 18, 1912, Dr. R. A. Patterson departed this life in Henrico county, Virginia, leaving a will which was duly probated in the clerk's office of said county on April 22, 1912.

The testator left a considerable estate, which was bequeathed and devised to his widow, Mrs. Bettie D. Patterson, and his six children, R. Fuller Patterson, Archibald W. Patterson, James T. Patterson, Malvern C.

Patterson, W. Pernet Patterson and Elizabeth G. Patterson.

Some time after the death of testator, Elizabeth G. Patterson intermarried with one E. M. Crutchfield, but has never had any issue.

The property which is the subject of this controversy is a part of that portion of the estate of Dr. Patterson which was devised to R. Fuller Patterson, trustee, for the sole use and benefit of Mrs. Crutchfield by the third clause of the will. That clause reads as follows:

"I give and devise one other one-sixth of my property, real, personal and mixed, to R. Fuller Patterson as trustee for my daughter, Elizabeth G. Patterson, to be held by him for the sole use and benefit of my said daughter during her life, free from the control and liabilities of any husband she may take and, at her death, this one-sixth of my property, or so much thereof as shall then remain in the hands of the trustee, shall pass in fee simple to her children, if she leave any, and to the descendants of any child that may have died leaving issue; if my said daughter shall leave no children at her death, nor the issue of any, then this one-sixth of my property, or so much thereof as shall then remain, shall pass to my children then living and the descendants of any who may have died leaving issue, said descendants taking per stirpes, except that any portion of this one-sixth of my estate which would pass to my son, James T. Patterson, under this item of my will shall pass as is provided by item 4 in regard to the one-sixth thereby devised to A. W. Patterson, trustee, and shall be governed by the provisions of said item 4 in regard to the one-sixth therein devised.

"The said R. Fuller Patterson as trustee for my daughter, and any trustee who may be substituted in his place, is authorized and empowered to sell any por-

tion of the trust property for the purpose of changing the investment and producing a better income, when, in his judgment and that of my said daughter, it shall be judicious to do so. And if the income from the trust property shall be insufficient to provide for her proper maintenance and support, of which the trustee shall be the judge, he is authorized and empowered to sell for that purpose any portion of the trust property and use so much of the proceeds (principal and interest) as he may deem necessary; and, if in the judgment of the trustee it shall at any time be more to the interest of the trust property and all concerned therein to borrow money for the support of my said daughter than to sell for that purpose, as above authorized, he is empowered to do so, and to pledge, hypothecate or convey in trust any part of the trust property, to secure the money so borrowed. In all cases of sales or encumbrances of the trust property, as hereinbefore authorized, the trustee shall act at the request of my said daughter and with her consent, to be evidenced by her uniting with him, in the deed or writing making the said sale or encumbrance; and the purchaser in such case is not to be responsible for the proper application of the proceeds.''

On July 8, 1915, R. Fuller Patterson resigned his trusteeship, and by an order of the Circuit Court of Henrico county, entered on the same date, the Old Dominion Trust Company was substituted in his place and stead.

By mutual agreement the legatees and devisees partitioned the estate among themselves, this partition being evidenced by mutual deeds under date of July 14, 1915.

Among the pieces of property so transferred to the Old Dominion Trust Company, trustee, pursuant to clause three of the will, were two lots or parcels of land,

one containing fourteen and fifteen one-hundredths acres, situate on the south side of Patterson avenue, lying partly in Henrico county and partly in the city of Richmond, and the other containing about ten acres on the north side of Patterson avenue, lying wholly within the city limits.

Being desirous of converting this unproductive real estate, upon which taxes to the amount of large sums were being paid each year, into a better investment, as it was authorized under the will to do, the trustee put this property into the hands of real estate agents for sale. On May 19, 1922, C. L. and H. L. Denoon, realtors, submitted an offer from Henry S. Wallerstein of $75,000.00 for said property, which offer is as follows:

"May 19, 1922.

"C. L. and H. L. Denoon, Inc., Agents,

"Richmond, Va.

"Dear Sirs:

"I hereby offer you the sum of seventy-five thousand ($75,000.00) dollars for the two tracts of land fronting Patterson avenue and shown on the plan of the Patterson estate as containing nine and ninety-five one-hundredths acres and fifteen and fourteen one-hundredths acres respectively.

"In event of acceptance of this offer I agree to pay the sum of ten thousand ($10,000.00) dollars in cash on or before August 1, 1922, and the residue in five years from that date, with interest at the rate of six per cent per annum, payable semiannually.

"This offer is made upon the condition that privilege of repayment is given in the deed of trust securing the above balance and that any portion of said property is to be released in amounts of one acre or more upon the payment of an amount equivalent to $3,500.00 per acre,

except, however, that no land fronting Patterson avenue may be released at less than $4,000.00 per acre.

"*This offer is made subject to acceptance or rejection of the court.*

"Yours very truly,
"(Signed) Henry S. Wallerstein."

(Italics added.)

This offer of Wallerstein's was submitted to Mrs. Crutchfield and by her accepted, as under the will it was necessary for her to do, before a sale could be had, and was also accepted by the trustee. As the offer of Wallerstein was "made subject to acceptance or rejection of the court," the trustee filed its bill in the clerk's office of said court on June 6, 1922, setting out the facts substantially as stated, *supra*, and then proceeded to allege, among other things, the following:

"9. Your orator is further of the opinion that the said will of R. A. Patterson, deceased, and the deed of your orator above referred to, and the above mentioned request of Elizabeth Patterson Crutchfield, give to your orator the right to sell and convey the said real estate without the aid or intervention of any court, but since the amount involved is so large, your orator deemed it expedient to ask for the said advice of this honorable court in this matter.

"10. Your orator is informed and believes that the present living issue of the said R. A. Patterson, deceased, are as follows: His children, Malvern C. Patterson, James T. Patterson, Archibald W. Patterson, Elizabeth Patterson Crutchfield, and W. Pernet Patterson; the following grandchildren, all of whom are under the age of twenty-one years, to-wit: Elizabeth Patterson, daughter of said Archibald W. Patterson;

Fuller Patterson, James Patterson, and Martha Patterson, children of said James T. Patterson; and that the said W. Pernet Patterson has heretofore legally adopted a son, to-wit: John McCready Patterson.

"In tender consideration whereof, and forasmuch as your orator is without remedy save in a court of equity where matters of this sort are properly cognizable, your orator prays that the said Archibald W. Patterson, Elizabeth Patterson, an infant, Malvern C. Patterson, James T. Patterson, Fuller Patterson (an infant), James Patterson (an infant), Martha Patterson (an infant), W. Pernet Patterson, John McCready Patterson (an infant), Henry S. Wallerstein and Elizabeth Patterson Crutchfield, be made parties defendant to this bill; that a proper and suitable guardian *ad litem* be appointed to defend the interest of the infant defendants herein; that the adult defendants and the infant defendants by their guardian *ad litem* be required to answer the same, but not under oath, answer under oath being hereby expressly waived; that the acceptance by your orator of the said offer of Henry S. Wallerstein, dated May 19, 1922, be ratified and confirmed; that your orator be authorized and directed to convey to the said Henry S. Wallerstein, with special warranty, the said two parcels of real estate fronting on Patterson avenue and containing nine and ninety-five one-hundredths acres and fifteen and fourteen one-hundredths acres respectively, upon the terms and conditions set forth in the said offer; that out of the proceeds therefrom your orator be authorized to pay to the firm of C. L. and H. L. Denoon, Inc., the sum of $3,750.00 for their services in effecting the said sale, the same being the real estate commission usually charged; and that your orator be allowed to pay the costs of this suit; that a reasonable fee be allowed to your orator's counsel for his services in instituting and

prosecuting this suit; and that all such other further and more general relief may be granted your orator as the nature of its case may require, or to equity may seem meet.

"And your orator will ever pray, etc.

> "Old Dominion Trust Company, trustee for Elizabeth Patterson Crutchfield, under the will of R. A. Patterson, deceased.
>
> "By W. H. Slaughter, Vice-President."

Process having been served, a guardian *ad litem* was appointed for the infant respondents.

As to what occurred from this point, except what is shown by the decrees entered, there is a sharp conflict between counsel for appellants and appellees, which we will make no effort whatever to settle.

Counsel for appellants state in the petition for an appeal the following:

"Process having been served upon petitioners (viz., Archibald W. Patterson, M. C. Patterson and James T. Patterson) they at once retained counsel, notified plaintiff of their objection to said sale and prepared an answer to said bill.

"On the first day of the next term counsel for petitioners appeared in court with said answer, proposing to file same, when, greatly to their surprise, the plaintiff's counsel said something about dismissing the suit, and later moved the court to that effect."

This motion of appellees the court sustained, and a decree was entered as follows:

"This cause came on to be heard upon the bill of complainant, upon the motion of the complainant, made July 6, 1922, that suit be dismissed, in which motion Mrs. Elizabeth Patterson Crutchfield and W. Pernet

Patterson joined and also upon the motion of A. W. Patterson, M. C. Patterson and James T. Patterson that they be allowed to file their joint answer in opposition to said motion, and also upon their motion that they be allowed to file an amended answer and accompanied by their offer to purchase the property set forth in the bill of complaint. Upon consideration of said motions and the fact that, at the time that the motion of dismissal was made no answer of any description had been filed, the court is of opinion that the tendered answers of the defendants above named should not be allowed to be filed, and doth so refuse; and doth hold that the motion of the complainant that the suit be dismissed should be granted; and the court doth adjudge, order and decree that the suit be dismissed.

"And thereupon counsel for said objecting defendants gave notice that they intended to apply to the Supreme Court of Appeals for an appeal from this decree."

The tendered answer, which is asked to be treated as a cross-bill, among other things, alleged:

"Respondents were not advised of the negotiations between plaintiff and H. S. Wallerstein, and the final offer of $75,000.00 made by said Wallerstein for said tracts of land, as set out in paragraph seven of said bill. But these respondents deny that the said offer, upon the terms mentioned, is a fair one; on the contrary they aver and charge that such offer is entirely too low and should not be accepted or approved.   *   *"

Accompanying the answer is the offer of appellants to purchase the property, which offer is as follows:

"First:   We will purchase the two tracts of land for the sum of seventy-five thousand ($75,000.00) dollars; the same to be deeded to us jointly, taking our joint notes for the entire purchase price, payable five (5)

years after date, or such other time as the court may direct, not less than the five years, the purchase money to be secured by deed of trust on the property and bearing interest at the rate of six (6%) per cent per annum, payable semi-annually.

"Second: We will purchase the property for the sum of seventy-five thousand ($75,000.00) dollars, of which the sum of five thousand ($5,000.00) dollars is. to be paid in cash, the residue to be evidenced by our joint note due five years from date, or a longer period if directed by the court, secured by deed of trust on the property, deferred purchase price bearing interest at the rate of six (6%) per cent per annum, payable semi-annually.

"This offer is made with the understanding if Mr. W. Pernet Patterson, coremainderman, desires to join with the undersigned, he will be permitted to share in the purchase, taking his one-fourth (1/4) interest and thereby sharing equally with us and upon the same terms as may be imposed upon us.

"The undersigned would ask that they be given the same privilege set forth in the offer of H. S. Wallerstein, namely, the right to have any portion of the property released, in quantities of one or more acres, upon the payment of an amount equivalent to thirty-five hundred ($3,500.00) dollars per acre, except, however, that no land fronting on Patterson avenue, with the usual city lot depth, be released at less than four thousand ($4,000.00) dollars per acre."

The only question for the determination of the court is, whether the appellee, the Old Dominion Trust Company, trustee for Mrs. Elizabeth M. Crutchfield, had the absolute right to have this suit dismissed over the objection of the appellants.

[1] As a general rule, the law is, that a complainant in

a suit in equity is *dominus litis*, and has the unquestioned right to dismiss the suit at any time before affirmative rights of others have attached.

In 1 Daniel Chancery Practice (5th ed.), page 793, it is said: "A plaintiff may, in general, obtain an order to dismiss his own bill with costs, as a matter of course, at any time before decree, notwithstanding a pending motion, which has been ordered to stand over."

In *Wall* v. *Crawford*, 11 Paige (N. Y.) 472, the rule is thus stated: "Before any decree or decretal order has been made in a suit in chancery, by which a defendant therein has acquired rights, the complainant is at liberty to dismiss his bill upon payment of costs, etc."

In the case of *Piedmont, etc.*, v. *Maury*, 75 Va. 508, which was a creditors' suit, Burks, J., delivering the opinion of the court, said: "But it is thoroughly well settled, that while such a bill may be filed as a matter of convenience to prevent a multiplicity of suits and accumulation of costs, and for the ascertainment, adjustment and payment of all claims chargeable on the common fund, and where a sale is necessary that such sale may be so made as to be most advantageous, yet the creditors described but not named in the bill are not parties thereto in any sense, nor do they become so unless and until further action be had in the cause. Until such action, the suit is the suit of the plaintiff on the record. He is sole *dominus litis*—has the absolute dominion of the suit—and therefore may dismiss it at his will and pleasure."

There being no question as to the general rule being as stated, the question naturally arises, is there an exception to the general rule, and if so, does the instant case fall within the exception?

It will be observed that in clause three of the will of Dr. Patterson, the remainder interest of appellants is

subject to the contingency, to-wit:   The death of Mrs.
Crutchfield without issue.   The power of disposition
conferred upon the trustee is unusually broad.   It is
evident from the language employed that the intention
of the testator was to provide liberally for the support
and maintenance of his daughter.

[2] Before the institution of this suit the attitude of
appellants was confined to one of "watchful waiting."
So long as the trustee dealt with the trust estate in good
faith, they were powerless to interfere in its manage-
ment.   That the trustee, as alleged in the bill, had "the
right to sell and convey the said real estate without the
aid or intervention of any court," is not even open for
debate, provided the sale was a proper one.

[3-5] The trustee, however, in this case, not being
willing to act on its own judgment, submits itself and
the trust estate to the jurisdiction of a court of equity
and seeks its aid, by impleading those who *may be bene-
ficially* interested in the trust estate.   By thus implead-
ing the remaindermen, the trustee recognized their
rights in the trust property and made them the wards of
a court of equity, whose peculiar duty it was to see that
they were not arbitrarily dealt with by the trustee.

In the management of trust property, a trustee should
always conduct himself with strict neutrality, favoring
none of the parties to the suit, and endeavor to obtain
an impartial direction in all cases of doubt or difficulty;
and should also preserve and protect the trust fund for
the benefit of all interested in the distribution thereof.
28 Am. & Eng. Ency. L. 1053.

The court having acquired jurisdiction of a trust es-
tate, we think the dismissal of the same rested in the
sound discretion of the court and not upon the absolute
right of the complainant.   Having been put upon no-
tice that in the opinion of those who may be interested

in the trust property, the same was about to be sacrificed, the court should, of its own motion, have held the matter in abeyance until satisfied of the reason for the dismissal of the suit; especially should this be true where infants' rights are involved, as they are in this cause.

That an answer had not been filed does not, in our opinion, change the situation when the court is dealing with a trust estate, which is vastly different from its dealing with an ordinary suit in equity.

In *National P. & P. Co.* v. *Rossman*, 122 Minn. 355, 142 N. W. 818, Ann. Cas. 1914-D, 830, it is said: "Ordinarily a plaintiff has the absolute right to dismiss his action; but a plaintiff who acts in a fiduciary capacity has no such absolute right."

In 18 Corpus Juris, 1148, the rule is thus stated: "Plaintiff has no absolute right at all times and under all circumstances to discontinue, dismiss or take a nonsuit * *."

In the case of *Commonwealth* v. *Staunton Telephone Co.*, 134 Va. 291, 114 S. E. 600, West, J., speaking for the court, says: "It is a general rule of chancery practice that a plaintiff may dismiss his bill without prejudice at any time before final decree.

"This rule is, however, subject to exceptions, *as when a proceeding is instituted by a trustee*, or involves the administration of a trust estate, which is peculiarly under the jurisdiction of courts of equity, or where in the progress of the case rights have been manifested which the defendant is entitled to claim. *Henderson* v. *Anderson*, 4 Munf. (18 Va.) 435; *Berry* v. *Second Bap. Church*, 37 Okl. 117, 130 Pac. 586; *Connor* v. *Drake*, 1 Ohio St. 170."

In our holdings in this cause, we do not mean in the slightest degree to impinge upon the doctrine of the

general rule as stated, *supra,* nor do we mean to express any opinion as to the merits of the cause. We do think, however, that there is a sufficient *prima facie* showing made by the answer tendered to permit the filing thereof.

The decree complained of must be reversed, and the cause remanded for further proceedings.

*Reversed.*

BURKS, J., dissents.