# Board of Supervisors of Prince William County, Virginia

## v.

# Kenneth F. Parsons, Kathleen E. Parsons and 117.83 Acres of Land

Record No. 920923

April 16, 1993

Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell and Keenan, JJ., and Poff, Senior Justice

*Sharon E. Pandak, County Attorney (Angela M. Lemmon, Assistant County Attorney,* on brief), for appellant.

*Robert J. Zelnick (Szabo, Quinto, Zelnick & Erickson,* on brief), for appellees.

SENIOR JUSTICE POFF delivered the opinion of the Court.

The principal question before us in this appeal is whether a condemnor has the right under Code § 25-46.34(b) to withdraw a condemnation proceeding after the lapse of the 30-day period for the filing of a notice of appeal fixed in Rule 5:9(a). The chronology of events in the course of two trials is crucial to our consideration of that question.

In a petition filed January 16, 1990, the Board of County Supervisors of Prince William County, Virginia (the Board or the petitioner) sought to condemn, and filed a *lis pendens* against, 117.83 acres of land owned by Kenneth F. Parsons and Kathleen E. Parsons, his wife. The tract, situated adjacent to the county's sanitary landfill, was to be used for expansion, as a buffer zone, as a source of fill material and, later, as a public park facility.

At the first trial, the petitioner's evidence fixed the value of the take at $1,895,000; the Parsons valued their property at $59,100,000. A majority of the commissioners reported an award of $4,968,000; a minority report recommended an award of $2,739,000. The Board excepted to both reports as excessive. Judge H. Selwyn Smith sustained the exceptions and ordered a new trial.

Awaiting the new trial, the Board moved the court to enjoin the Parsons from removing trees and soil from their property. In an order entered November 9, 1990, Judge Frank A. Hoss, Jr., denied the motion on the ground that the Board had no proprietary interest in the land.

At the second trial, the commissioners fixed just compensation for the take and damages to the residue at a total of $3,425,000. By order entered August 22, 1991, Judge Hoss confirmed the commissioners' report. That order further provided that "the execution of this order shall be suspended pending the appeal of this matter to the Supreme Court of Virginia, and shall be suspended until all appeals are finally disposed of."

The Board petitioned this Court for an appeal from Judge Hoss' order and the Parsonses filed a petition challenging Judge Smith's

order entered in the first trial. We denied both petitions by orders entered February 25, 1992.

On March 16, 1992, the Board filed a motion to withdraw the condemnation proceedings and to pay the Parsons the expenses they had incurred as a result of the prior proceedings. The Board based its motion on the ground that ''the cost [of the property] is too high [and] [t]he purposes for which the County had desired to acquire the property . . . have been frustrated''. By final order entered April 27, 1992, the trial court denied the motion as untimely and awarded the Parsons judgment in the sum fixed in the August 22, 1991 order ''with interest thereon at the judgment rate from September 22, 1991 until paid.'' We awarded the Board an appeal from this judgment.

## I. WITHDRAWAL OF PROCEEDING

■ The several issues raised on appeal require us to examine relevant portions of Title 25 of the Code entitled ''Eminent Domain'' (the Act). The principal focus is upon Code § 25-46.34(b) which provides:

> At any time after a hearing has begun in the trial of . . . just compensation . . . the petitioner not already having acquired the title . . . and before the time for noting an appeal from any final order upon a report of just compensation . . . may . . . obtain as a matter of right an order dismissing the proceedings . . . which order shall also provide that the petitioner shall pay [the] owner . . . reasonable expenses and compensation for time spent as a result of the condemnation proceedings.

■ The Board argues that it ''had both the right to appeal . . . and to withdraw from this eminent domain action after its petition for appeal was denied.'' The function of an eminent domain proceeding, the Board contends, is to fix a final price on property and, thus, enable a sovereign to make an informed public-policy decision whether to acquire the property. Citing the general rule applicable prior to adoption of the Act, that a petitioner had the right to dismiss condemnation proceedings at any time before any rights had vested, see *Keys v. Shirley*, 153 Va. 461, 466, 150 S.E. 401, 402 (1929), the Board maintains that ''[i]n the absence of a statutory provision, this right to withdraw survives beyond the filing of the commission's

report and up to the point at which the condemning authority acquires the land''. The Board reasons that ''so long as the condemnor does not take title to the property during the pendency of an appeal, the general principles of eminent domain would permit the condemnor to withdraw the action after disposition of that appeal.''

The Board's argument fails for the want of its premise. There is no ''absence of a statutory provision'', and we find the language of the Act clear and unambiguous. In such case, we apply the plain-meaning rule to that language. *City of Virginia Beach v. ESG Enterprises*, 243 Va. 149, 152-53, 413 S.E.2d 642, 644 (1992).

■ Manifestly, Code § 25-46.34(b) provides that after commencement of a just compensation hearing, a petitioner that has not acquired a vested interest in the property[1] and is willing to pay the reasonable litigation expenses incurred by the landowner has a privilege, ''as a matter of right'', to withdraw the petition if it does so ''before the time for noting an appeal from any final order upon a report of just compensation''. The time permitted for noting an appeal is ''30 days after the entry of final judgment or other appealable order or decree''. Rule 5:9(a).

The Board contends that such a reading of that statute chills its right of appeal because it ''depends on a definition of 'final order' that does not take any appeal . . . into account.'' Hence, the Board would define ''final order'' as the mandate of this Court following adjudication of an appeal from a trial court. Such a definition, the Board contends, would permit a condemnor to withdraw the condemnation proceeding within 30 days following the date of our mandate.

■ The Board overlooks the definition of the term expressly stated by the legislature elsewhere in the Act. ''The order confirming, altering or modifying the report of just compensation shall be final. Any party aggrieved thereby may apply for an appeal to the Supreme Court and a supersedeas may be granted . . . .'' Code § 25-46.26. And, unlike condemnation acts in other states that extend a condemnor's right to withdraw the proceedings after it has lost an appeal to a higher court, *see* Md. [Real Prop.] Code Ann. § 12-109 (Michie Cum. Supp. 1992); N.J. Stat. Ann. § 20:3-35

---

[1] Title vests in the petitioner when it ''either take[s] possession of the land pursuant to Code § 25-46.8 or pay[s] the award.'' *Williams v. Fairfax Co. Hous. Auth.*, 227 Va. 309, 314, 315 S.E.2d 202, 205 (1984); *see also* Code § 25-46.24.

(West Cum. Supp. 1992), the Virginia Act limits the right to withdraw the proceeding at a point "before the time for noting an appeal".

In support of its contention that its right to withdraw survives an appeal, the Board cites *Crisman v. Swanson*, 193 Va. 247, 68 S.E.2d 502 (1952). There, the issue was whether a statutory time limitation on the right of a wife to renounce her husband's will began to run from the date of the chancellor's decree construing the will or from the date of this Court's mandate affirming that decree. The statute under consideration, former Code § 64-15 (1950), required a trial court to provide "by an order entered . . . that the surviving consort shall be allowed not exceeding one month for renunciation after final decree has been entered in the suit construing the will." We held this to mean that "*in the case of appeal*, the one month period for renunciation is to run from the date of the final decree of this court." *Id.* at 254, 68 S.E.2d at 507 (emphasis added). *Crisman* is wholly inapposite for, as we conclude, Code § 25-46.34(b) forecloses the condemnor's right to withdraw the proceeding "in the case of appeal".[2]

 Reading the language of Code § 25-46.34(b) in conjunction with the Act's definition of the term "final order" and the language of Code § 25-46.31(d) requiring a trial court to enter a money judgment, one subject to levy by the land owner, when the condemnor has failed to pay "for a period of thirty days after the time for noting an appeal", we hold that the General Assembly has provided that a condemnor's right to withdraw eminent domain proceedings expires upon the lapse of 30 days following entry of the "final order upon a report of just compensation". At that time, if a condemnor has not exercised its right to note an appeal, the respective rights of the parties vest, title passes to the condemnor, and the landowner becomes entitled to payment of the award.

## II. SUSPENSION OF FINAL ORDER

Next, the Board contends that the August 22, 1991 order was not final because it "was suspended simultaneously with its entry", that the suspension provision "extended the time for the Board to

---

[2] For the same reason, we find no merit in the Board's reliance upon our decision in *Faison v. Hudson*, 243 Va. 413, 419, 417 S.E.2d 302, 304-05 (1992) where we held that "a judgment is not final for the purposes of *res judicata* or collateral estoppel when it is being appealed".

exercise its legislative discretion to withdraw'', and that our mandate denying its petition for appeal was the ''final order'' contemplated by Code § 25-46.34(b). Accordingly, the Board insists that ''[s]ince the Board filed its motion to withdraw the condemnation on March 16, 1992, it acted within the time period established by Section 25-46.34(b), and it was entitled to withdrawal as a matter of right.''

■ But, as we have said, the final order contemplated by the statute, the order to which the right to exercise the 30-day withdrawal privilege is geared, is the order ''confirming, altering or modifying the report of just compensation'' as defined in Code § 25-46.26. That statute grants a condemnor the right to seek an appeal, and because a condemnor to which an appeal is granted becomes liable under Code § 25-46.31(d) to an enforceable judgment if it fails ''for a period of thirty days after the time for noting an appeal'' to pay into court the compensation fixed in the final order and any interest due, Code § 25-46.26 also provides that ''a supersedeas may be granted in the same manner as is now provided by law and the Rules of Court applicable to civil cases.''

The final order in this case provided that ''the *execution* of this order shall be suspended pending the appeal'' (emphasis added). Supersedeas affects only the enforceability, not the finality, of an appealable order in a civil case and, consequently, it does not postpone the origin of the 30-day withdrawal time limit in a condemnation case. If the General Assembly had intended supersedeas to have the effect the Board urges, it would have so provided in the body of the Act. In the exercise of its public-policy discretion, it did not, and we will not invade the legislative domain.[3]

---

[3] In support of its contention that the beginning of the running of the 30-day time limitation was postponed until the disposition of its appeal, the Board relies upon *Town of Cape Charles v. Fish Co.*, 200 Va. 667, 107 S.E.2d 436 (1959). Its reliance is misplaced. When that case was decided, former Code § 25-22 required a condemnor to pay the compensation reported by the commissioners within three months of the filing of their report or risk dismissal of the proceeding upon the landowner's motion. At a point following commencement of the condemnor's appeal of the final order confirming the report, that period expired. Nevertheless, the landowner moved this Court to dismiss the proceeding on the ground that suspension of the trial court's order pending appeal had tolled the running of that portion of the three-month period remaining after the beginning of the appeal. We denied the landowner's motion. That decision is fully consistent with the conclusion we reach in this case.

## III. INTEREST ON THE AWARD

In its April 27, 1992 order denying the Board's motion to withdraw the proceeding, the trial court ruled that interest would begin to run on the award on the 30th day after entry of the August 22, 1991 order, *i.e.*, September 22, 1991. We agree with the Board that this ruling must be modified.

In Part I above, we have held that when a condemnor has not exercised either its right to withdraw or its right to note an appeal, the respective rights of the parties vest when the 30-day period following entry of the final order fixing just compensation has expired. "Interest, as part of just compensation, is appropriate only after the property is taken or damaged but before the compensation funds are available to the landowner." *Bartz v. Bd. of Supervisors of Fairfax County*, 237 Va. 669, 672, 379 S.E.2d 356, 357 (1989). When a condemnor timely notes and pursues an appeal from a final order "confirming, altering or modifying the report of just compensation", the property is not "taken" and the landowner's entitlement to the compensation does not mature until that order has been upheld. Here, the final order was affirmed upon entry of our order denying the parties' petitions for appeal, *i.e.*, February 25, 1992, and the landowner became entitled to interest at the judgment rate on that date.

We will affirm the trial court's ruling denying the Board's motion to withdraw the proceeding, modify the trial court's ruling concerning the accrual of interest, and enter final judgment for the landowners for the compensation fixed in the final order with interest at the judgment rate beginning February 25, 1992.

*Affirmed in part,*
*modified in part,*
*and final judgment.*